# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**UNITED STATES OF AMERICA**,

    *Appellee*,

                                                          1:22-cr-00244-TNM-1

*v.*

                                                          No. 23-3078

**HATCHET M. SPEED**,

    *Appellant*.

## APPELLANT SPEED'S RESPONSE AND OPPOSITION TO GOVERNMENT'S "MOTION TO STRIKE APPELLANT'S UNAUTHORIZED FILINGS"

Appellant Hatchet Speed, by undersigned counsel, hereby responds and opposes the government's "motion to strike appellant's unauthorized filings."

Speed is an innocent man, wrongly serving federal prison sentences for crimes he did not commit. Speed's ongoing false imprisonment under a bogus 18 U.S.C. § 1512 conviction cries out for *vacatur* and summary disposition in this case. *See United States v. Adams*, 780 F.3d 1182, 1184 (D.C. Cir. 2015) (citing *United States v. Blue Coat*, 340 F.3d 539, 542 (8th Cir. 2003)) (obvious miscarriages of justice require remedial measures).

Summary disposition is appropriate where claims before an appellate court are frivolous or one of the parties is clearly right as a matter of law. *See Groendyke*

*Transport, Inc. v. Davis*, 406 F.2d 1158 (5th Cir. 1969). In this case, the Supreme Court decided, after Speed's conviction for violating 18 U.S.C. §1512(c), to strike down the application of that very statute to circumstances like Speed's. *See Fischer v. United States*, 603 U.S. ___, No. 23-5572 (2024). Thus, Speed's §1512 conviction should be vacated and dismissed by summary disposition.

**Speed's briefs, motions and pleadings are not "unauthorized."**

As a preliminary matter, the government's assertion that Speed's filings are "unauthorized" is untrue. Speed has filed a motion for summary disposition regarding one of his five convictions, based on the intervening Supreme Court case (*Fischer v. United States*), which forecloses further litigation. Speed is incarcerated, and many cases support the principle that preliminary-dispositive motions should take priority over other pleadings and litigation. The Court's minute order, dated October 16, stated:

> PER CURIAM ORDER [2080178] filed ORDERED that the motion to vacate [2072238-2] be referred to the merits panel to which this case is assigned. It is FURTHER ORDERED that this case be removed from abeyance. The following briefing schedule will now apply: APPELLANT Brief and APPENDIX both due 11/15/2024. APPELLEE Brief due on 12/16/2024. APPELLANT Reply Brief due 01/06/2025. Before Judges: Henderson, Pillard and Walker. [23-3078]

Contrary to the government's Motion to Strike, nothing in the Court's order indicates that Court has denied Speed's motion to vacate. Yet on page 6 of the government's Motion, the government writes: "Whatever "operation of law" means in this context, Speed knows that the Court has already declined to summarily vacate his § 1512(c)(2) conviction." This is false. Not only does Speed *not* know this; but this honorable Court has *not* "already declined to summarily vacate his § 1512(c)(2) conviction." The motion is pending.

As Speed's Notice to the Court (Document #2086973) indicated, Speed would likely bring a formidable vindictive-prosecution challenge in his appeal if the wrongful §1512 conviction were still standing. The government's retaliation against Speed with a superseding 20-year felony charge on the eve of Speed's misdemeanor trial constitutes the most extreme act of vindictive prosecution ever preserved in federal jurisprudence.

But in June of this year, the Supreme Court struck down the applicability of §1512 to January 6 cases (unless such cases included evidence beyond a reasonable doubt of a defendant's alteration, impairment, fabrication or destruction of evidence at official proceedings.

As the Supreme Court held in *Fischer*, Congress could have, but clearly did not, design 1512(c)(2) to criminalize the conduct of activists or lobbyists (or

rioters) who delay, disrupt, or even *shut down* proceedings. The *Fischer* Court held that an obstructor must actually intend and attempt to destroy, falsify, fabricate, or otherwise damage or impair the evidence, records, papers, or certificates of the congressional ballot certification ceremony on January 6 in order to be prosecuted under §1512(c). The record in Speed's case falls far short of even hinting of such evidence (or even such an allegation). (Speed never even spoke of seeking to impair the availability or integrity of evidence, and *was never even on the same floor of the Capitol*, let alone the same chamber or corridor, as Congress's ballot certificates.)

In any case, the government's new, unpreserved-below, theory of §1512 is utterly frivolous and this Court should not reach its merits (yet again). Nor should this Court force Speed to use up his appeal to help the government relitigate the *Fischer* decision. The government's new theory of 18 U.S.C. §1512—<u>a theory unpreserved below</u>—cannot apply to Speed's case. In *Fischer*, the Supreme Court already ruled on the same substantive arguments the government seeks to (yet again) raise (or force Speed to raise) here. *See also Appalachian Power Co. v. EPA*, 251 F.3d 1026, 1033-34 (D.C. Cir. 2001) ("[R]es judicata bars relitigation not only of matters determined in a previous litigation[,] but also ones that a party could have raised.").

Here the government is being a vexatious litigator in seeking to relitigate *Fischer* after its loss. Speed even attached a sworn declaration by his attorney John Pierce to his motion, attesting that Speed's facts *evince none of the features required for conviction by the Fischer Court*. The government does not (and cannot) rebut or answer this declaration).

Nor did Speed's motion limit its challenge to Speed's §1512 conviction to a mere claim that the court "applied the wrong standard," as the government suggests. Speed is actually innocent of the §1512 charge as he described, as well as convicted under the wrong standard, with wrong jury instructions, etc.

> Nothing in the indictment, argument, proceedings, testimony, or evidence offered at Speed's trial or proceedings below constituted proof that the Speed impaired or attempted to impair "the availability or integrity for use in an official proceeding of records, documents, or objects" or "other things used in the proceeding."

Ridiculously, the United States asserts that "Absent court order, the rules provide only for an appellant's opening brief, appellee's brief, and optional appellant's reply brief. *See* Fed. R. App. P. 28(a), (c)." Rule 28 is the rule pertaining to briefs. "The appellant's brief must contain, under appropriate headings and in the order indicated, [etc.]." *Id*. Contrary to the government's assertions, the Federal Rules of Appellate Procedure (and case law) recognize and allow a wide variety of types of pleadings and filings—none of which are "unauthorized." *See Public Utilities Commission of Dist. of Col. v. Capital Transit*

*Co.*, 214 F.2d 242 (D.C. Cir. 1954) (Court of Appeals has authority to enjoin appellees or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo); *Eastern Greyhound Lines v. Fusco*, 310 F.2d 632 (6th Cir., 1962) (concluding that the authority to grant an injunction pending appeal is a "necessary incident" to the Court's power to issue writs to protect appellate jurisdiction under 28 U.S.C. § 1651); *United States v. Lynd*, 301 F.2d 818 (5th Cir. 1962) (while the power of a court of appeals to stay proceedings in a district court during the pendency of an appeal is not explicitly conferred by statute, it exists by virtue of the all writs statute, 28 U.S.C. § 1651). And the Supreme Court has termed such authority "inherent," *In re McKenzie*, 180 U.S. 536, 551 (1901)), and "part of its (the court of appeals) traditional equipment for the administration of justice." (*Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 9-10 (1942)).

**IF ANY PLEADINGS ARE 'UNAUTHORIZED,' IT IS THE GOVERNMENT'S VEXATIOUS PLEADINGS SEEKING TO FORCE SPEED TO BRING THE SAME ISSUES WHICH HAVE ALREADY BEEN FIRMLY RULED ON, OVER AND OVER.**

The government is not entitled to having the courts of appeals perpetually review (and re-review) its arguments. ABA Standards for Criminal Justice, Postconviction Remedies § 22-6.1(a) at 22-62 (2d ed. 1986). An issue is "fully and finally litigated when the highest court [in a jurisdiction] to which a defendant

could appeal as of right has ruled on the merits of the question." ABA Standards § 22-6.1(a) at 22-62. Moreover, an argument raised under which does not precisely duplicate an issue raised on appeal will be precluded if its review "would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory." *People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982); ABA Standards §22-6.1(a).

### The fundamental unfairness of the government's position.

Shockingly, the government cites *Smith v. Robbins*, 528 U.S. 259, 288 (2000) for the proposition that Speed must litigate issues of the government's choosing. But *Smith v. Robbins* stands for the opposite proposition; the principle that ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") The government may not dictate nor limit the issues which Speed may choose to raise in Speed's case.

**The government insists that Speed must relitigate *Fischer* in Speed's direct appeal and waive Speed's other issues.**

The government seeks to trap Appellant Speed into choosing from the government's issues rather than Speed's choice of issues. Indeed, the government insists that Speeds brief must essentially contain only discussions of the same

issues which the Supreme Court already finally resolved. But the government lost the *Fischer* case, and government may not perpetually litigate the same issues over and over again after its loss.

## **CONCLUSION**

The government is estopped from lodging its frivolous claim to wrongly sustain Speed's 18 U.S.C. §1512(c) conviction. Under the rule of *Fischer v. United States*, Speed is *actually innocent* of 1512(c)(2) obstruction, as well as wrongly convicted under improper standards, and improper jury instructions. Speed is entitled to summary *vacatur* of his bogus 1512 conviction.

The United States is not entitled to continuously relitigate the *Fischer* decision.  See *Moore v United States*, 102 F.Supp.3d 35, 65 (D.D.C. 2015) (parties should not be able to take a "second bite at the apple"). Nor is the government entitled to control or dictate the issues in Speed's appeal. Nor should this Court strike Speed's pleadings, motions, notices, or briefs in this appeal.

DATE: December 13, 2024        RESPECTFULLY SUBMITTED,

*/s/ Roger Roots, esq*.
Roger Roots

# CERTIFICATE OF WORD COUNT COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation because it contains 1,834 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Cir. R. 32(a)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

DATE: December 13, 2024          */s/ Roger Roots, esq.*
                                 Roger Roots

# CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c) and Cir. R. 25(c), that on December 13, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

DATE: December 13, 2024          */s/ Roger Roots, esq.*
                                 Roger Roots